Wilmer Lane **EASTER**, Petitioner-Appellant,

v.

W. J. **ESTELLE**, **Jr.**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 79–1082.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1980.

---

Robert M. Cohan (court-appointed), Dallas, Tex., for petitioner-appellant.

Mark White, Atty. Gen., Renea Hicks, Asst. Atty. Gen., Austin, Tex., P. E. George, Asst. Atty. Gen., Houston, Tex., for respondent-appellee.

Before THORNBERRY, GEE and HATCHETT, Circuit Judges.

THORNBERRY, Circuit Judge:

Petitioner William Lane Easter appeals from the denial of his petition for habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Southern District of Texas. Easter contends that the jury charge leading to his conviction was erroneous and that his current incarceration in the Texas state penal system is in violation of the Sixth and Fourteenth Amendments to the United States Constitution because of ineffective assistance of counsel received during the state court trial. Easter also claims that the district court erred by denying the petition for writ of habeas corpus without conducting an evidentiary hearing. These claims are without merit and we affirm the district court.

On October 18, 1974 Easter was convicted of murder under Texas Penal Code § 19.-02(a)(3) and was sentenced to a prison term of life imprisonment. On April 28, 1976 the Texas Court of Criminal Appeals affirmed Easter's conviction. *Easter v. State*, 536 S.W.2d 223 (Tex.Cr.App.1976). Easter filed his petition for a writ of habeas corpus in state court on April 18, 1977, alleging eight constitutional errors in the prosecution and trial of his case. The petition was denied without a hearing on April 22, 1977 and this denial was affirmed by the Texas Court of Criminal Appeals. Easter then filed his petition in the district court on July 20, 1977, realleging the same eight constitutional errors complained of in his petition to the state courts. The district court denied Easter's petition on October 31, 1978.

Kimberly Easter, daughter of petitioner died on the morning of May 22, 1974 of acute subdural hematoma (a blood clot on the brain) probably resulting from a forcible blow or trauma. While there were no eyewitnesses to all of the events leading to Kimberly's death, the testimony revealed that Kimberly began to cry at about 6:30 p. m. on May 21, 1974 and Easter began "whopping" her and cursing at her. Easter then threw Kimberly in the air, allegedly in an attempt to make her laugh, but she fell and hit the floor. Later that night, surgery was performed to remove the blood clot from the brain, but the baby died two hours later in the recovery room. Easter was convicted of murder under the felony murder doctrine which is codified in § 19.-02(a)(3) of the Texas Penal Code. He was represented by court appointed counsel.

Easter first complains of the jury charge given by the state district court judge in that (1) it failed to instruct the jury on the law of criminally negligent homicide and (2) it failed to instruct the jury on the correct culpability requirement for murder. Easter claims this deprived him of due process of law.

The first part of Easter's claim is without merit because he fails to state a federal claim upon which federal habeas corpus relief may be granted. It is not enough for Easter to contend that he was deprived of due process because the trial judge failed to charge the jury on the law of criminally negligent homicide since it is a lesser included offense. The jury was correctly charged on the law of murder as stated in § 19.02(a)(3). The crime of criminally negligent homicide, as defined in § 19.07 of the Texas Penal Code, is a lesser included offense of the crime of murder. Tex.Penal Code Ann. tit. 5, § 19.01(b) (Vernon, 1974). This court has previously held that a state trial court judge's failure to instruct on a lesser included offense is not a federal constitutional matter. *Bonner v. Henderson*, 517 F.2d 135 (5 Cir. 1975); *Grech v. Wainwright*, 492 F.2d 747 (5 Cir. 1974); *Alligood v. Wainwright*, 440 F.2d 642 (5 Cir. 1971). Therefore, we must find that Easter failed to state a federal claim upon which federal habeas corpus relief may be granted.

As to the second claim that the state trial court judge denied due process to Easter by failing to instruct the jury on the correct culpability requirement for murder under § 19.02(a)(3), this is not a question that we can decide. This issue was never raised in any of the state court proceedings or in the federal district court. The issue

was first raised in this court. Therefore, Easter has failed to exhaust his remedies. Easter cannot merely object to one aspect of the jury charge and assume that all claims against the charge have been exhausted. Generally, contentions urged for the first time before this court are not properly before us merely because they are coupled with an appeal from a denial of federal habeas corpus relief. *See generally Blankenship v. Estelle,* 592 F.2d 270 (5 Cir. 1979); *Tifford v. Wainwright,* 592 F.2d 233 (5 Cir. 1979); *Bryant v. Elliott,* 472 F.2d 572 (5 Cir. 1973); *Young v. Wainwright,* 326 F.2d 255 (5 Cir. 1964). This court has recently recognized some exceptions to the general "exhaustion" rule, but these cases do not apply to our current situation. *Galtieri v. Wainwright,* 582 F.2d 348 (5 Cir. 1978) (en banc); *Messelt v. Alabama,* 595 F.2d 247 (5 Cir. 1979). Therefore, Easter cannot bring this claim in a federal court without having exhausted it in the state court of Texas.

Easter's second contention states that trial counsel was ineffective because counsel (1) neglected his obligation to prepare for trial, (2) waived Easter's right to be tried by a jury chosen without racial discrimination, (3) failed to object to highly prejudicial misconduct by the prosecutor at trial, and (4) permitted his client to be convicted of murder without the requisite level of culpability. Our decision must be based on the standard adopted by this court in *MacKenna v. Ellis,* 280 F.2d 592 (5 Cir. 1960), *modified,* 289 F.2d 928, *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961), which stated that a party must be represented by "counsel reasonably likely to render and rendering reasonably effective assistance." In light of this standard, Easter's claim is without merit. *See also Herring v. Estelle,* 491 F.2d 125 (5 Cir. 1974).

■ Easter initially claims that his counsel neglected his obligation to prepare for trial in that he only met with Easter twice before trial and because counsel failed to interview certain witnesses and failed to adequately prepare for the trial. This court has held that the brevity of time spent in consultation, without more, does not establish that counsel was ineffective. *Carbo v. United States,* 581 F.2d 91 (5 Cir. 1978); *Woodard v. Beto,* 447 F.2d 103 (5 Cir.), *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971). Therefore, it is not enough to merely show that counsel only met with Easter twice before trial as long as counsel devoted sufficient time to insure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case. The record reveals that counsel was so prepared. Counsel conducted an adequate pre-trial investigation in accordance with the standard adopted by this court in *MacKenna.* While counsel failed to interview and subpoena certain witnesses, this constituted trial strategy since to do so would have opened the door to introduction of Easter's prior conviction for child molestation. Therefore, Easter's claim does not rise to a constitutional level. *Cowens v. Wainwright,* 373 F.2d 34 (5 Cir.), *cert. denied,* 387 U.S. 913, 87 S.Ct. 1705, 18 L.Ed.2d 637 (1967).

■ Easter also claims that counsel waived appellant's right to be tried by a jury chosen without racial discrimination. Easter relies on the fact that he was convicted by an all white jury that included only one black person on the panel, even though blacks constituted a significantly higher proportion of the community's population. Easter relies on *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), where the Supreme Court recognized that constitutional rights may be infringed by a state's deliberate and continued exclusion of blacks from a jury through the use of peremptory challenges. But a defendant bears a heavy burden when he seeks to show systematic discrimination of constitutionally significant proportions. It is not enough to base such a constitutional claim on the facts of the single case presented to this court. *United States v. McLaurin,* 557 F.2d 1064 (5 Cir. 1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 743, 54 L.Ed.2d 767 (1978). In this case, Easter offered no proof of any continued and systematic exclusion of blacks from petit juries through

the government's use of peremptory challenges. He offers no statistics and states no facts that would support even an inference that the government's conduct constituted a constitutional violation. Therefore, there was nothing for counsel to object to. Easter not only failed to show a constitutional violation but also was unable to show that counsel's advice was incompetent. *Cf. Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Counsel's actions comply with the standard this court enunciated in *MacKenna.* Easter's allegations are conclusional and without merit.

■ Easter next contends that he was denied effective assistance of counsel because his attorney failed to object to alleged prosecutorial misconduct. While the transcript does not reflect the occurrence of the alleged misconduct, Easter alleges in his habeas corpus petition that the prosecutor, during closing argument and in an effort to demonstrate to the jury his version of the events surrounding the death of Kimberly, threw a doll into the air, turned his back, and allowed the doll to hit the floor. Easter claims that this demonstration caused several of the jurors to cry. An examination of the record indicates that the alleged demonstration did not conform to the evidence. Easter claims that this demonstration was without sufficient probative force to outweigh its prejudicial effect.

The standard adopted by the Supreme Court for evaluating the alleged misconduct requires a determination whether the prosecutor's acts were so prejudicial as to render a trial fundamentally unfair in violation of the due process clause. *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Nero v. Blackburn,* 597 F.2d 991 (5 Cir. 1979). This must be distinguished from conduct which is merely improper and universally condemned but not a denial of due process. In a habeas corpus case, review is limited to the narrow issue of due process and does not look at every minor error. *See Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). In this case, appellant claims that the prosecutor's conduct so infected the trial with

unfairness as to make the resulting conviction a denial of due process. An examination of the entire proceedings in this case reveals that no support exists for this contention. The prosecutor's conduct may have been improper and universally condemned but it did not constitute a denial of due process. The district court judge in denying federal habeas corpus relief correctly found that "an examination of the entire record of proceedings fails to reveal that any prejudice resulted from the acts complained of, and, if indeed they did occur, they were harmless beyond a reasonable doubt." While counsel probably should have objected to the District Attorney's conduct as being prejudicial, the record reveals that it was not so prejudicial as to render the trial fundamentally unfair. *See Alvarez v. Estelle,* 531 F.2d 1319 (5 Cir. 1976), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977); *Malley v. Manson,* 547 F.2d 25 (2d Cir. 1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1335, 51 L.Ed.2d 598 (1977). Under the standard of *MacKenna,* Lucas received effective assistance of counsel.

■ Easter's last contention regarding effective assistance of counsel involves a claim that the court appointed attorney permitted his client to be convicted of murder without the requisite level of culpability by failing to request appropriate jury instructions and by failing to object to the jury instruction given. This issue relates to the failure of counsel to request an instruction on criminally negligent homicide and has been discussed above. But also the evidence indicates that Easter was not entitled to a different charge. The record shows that Easter was "whopping" and cursing Kimberly from 6:30 to 8:30. At one point, he was holding Kimberly by the neck and choking and spanking her. He was also throwing her up in the air. This does not constitute evidence of merely criminally negligent homicide. As to the claim relating to the requisite level of culpability, counsel correctly relied on the language of *Rodriquez v. State,* 548 S.W.2d 26 (Tex.Cr. App.1977), which states that "the culpable

mental state for the act of murder [under Section 19.02(a)(3)] is supplied by the underlying committed or attempted felony." This language indicates that the culpability requirement for the felony of "injury to a child," includes "intentionally, knowingly, recklessly, *or with criminal negligence*" causing injury to a child. While the actual meaning of the language in *Rodriquez* is something that the Texas courts must address, counsel's failure to object to a charge allowing Easter to be convicted of murder based on a culpability requirement including criminal negligence does not warrant finding that Easter was denied effective assistance of counsel under the *MacKenna* standard.

■ Easter finally complains that the district court erred by denying the petition for writ of habeas corpus without conducting an evidentiary hearing. The Texas trial court dismissed the petition seeking habeas corpus relief without a hearing and the Texas Court of Criminal Appeals affirmed the dismissal without a hearing. The federal district court also failed to hold an evidentiary hearing and dismissed the petition for federal habeas corpus relief based on the record. While this court has held that a district court must normally hold an evidentiary hearing when the state court has failed to do so, *Goodwin v. Smith*, 439 F.2d 1180 (5 Cir. 1971), this is only the case when a defendant alleges relevant facts which, if proved, would indicate that he is entitled to relief. *Cronnon v. Alabama*, 587 F.2d 246 (5 Cir.), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979); *Scott v. Estelle*, 567 F.2d 632 (5 Cir. 1978). Easter failed to satisfy this requirement. Even if he proved the facts he alleged, this would not be sufficient to show ineffective assistance of counsel or prosecutorial misconduct so egregious as to amount to a denial of due process. Therefore, this case was properly dispensed with by examining the record and without conducting an evidentiary hearing.

AFFIRMED.