UNITED STATES of America ex rel. Earl ALLEN, Petitioner,

v.

**Dr. Stephen L. HARDY, Respondent.**

No. 82 C 2898.

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1983.

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

Tyrone C. Fahner, Atty. Gen., Kenneth A. Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Earl Allen ("Allen") asserts four grounds for relief in his pro se petition [1] for a writ

of habeas corpus under 28 U.S.C. § 2254. Respondent Dr. Stephen Hardy ("Hardy") has moved for summary judgment. For the reasons stated in this memorandum opinion and order, Hardy's motion is granted as to two of Allen's claims. Allen and Hardy have suggested, and this Court holds, ruling should be deferred on Hardy's motion as to Allen's two other claims pending the Illinois Supreme Court's decision in the appeal of *People v. Payne,* 106 Ill.App.3d 1034, 62 Ill.Dec. 744, 436 N.E.2d 1046 (1st Dist.1982). Those claims relate to the selection and racial composition of the jury that convicted Allen.

### Facts

Allen is now confined in the Psychiatric Unit of the Menard Correctional Center, having been convicted of two murders and sentenced to two concurrent 100 to 300-year prison terms. On direct appeal his conviction was affirmed, *People v. Allen,* 96 Ill. App.3d 871, 52 Ill.Dec. 419, 422 N.E.2d 100 (1st Dist.1981).

Allen argued on appeal (96 Ill.App.3d at 871–72, 52 Ill.Dec. at 420, 422 N.E.2d at 101):

1. [H]e was denied his constitutional rights to an impartial jury where the State exercised its peremptory challenges to exclude blacks and Latinos from the jury.[2]

2. [H]e was prejudiced by the prosecutor's comment during closing argument.

On the authority of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) the Appellate Court rejected Allen's first contention, finding he had not shown the State systematically excluded blacks and Latinos from juries, 96 Ill.App.3d at 875–76,

---

1. This Court expresses thanks to Kenneth Flaxman, Esq., who accepted appointment as Allen's attorney and has provided valuable input on the current motion, including a responsible and forthright recognition of the petition's weaknesses on two of the claims. Having said that, this Court would be remiss were it not to acknowledge that the conceptual and structural underpinnings of this opinion owe most to this Court's law clerk, Thomas Scorza, Esq.

2. Its 16 peremptory challenges excluded 7 whites, 7 blacks and 2 Latinos. Defense counsel moved to discharge the jury, arguing the "State's use of peremptory challenges undercut [Allen's] right to an impartial jury selected from a cross-section of the community by systematically excluding minorities from the petit jury." Defendant's motion was denied. 96 Ill. App.3d at 874–75, 52 Ill.Dec. at 422–23, 422 N.E.2d at 103–04.

878, 52 Ill.Dec. at 423, 425, 422 N.E.2d at 104, 106. Allen's second contention was rejected because he had not been prejudiced by the prosecutor's reference in closing argument to excluded evidence that may have suggested Allen had a prior and unrelated conviction, 96 Ill.App.3d at 878–79, 52 Ill. Dec. at 425, 422 N.E.2d at 106.

Allen's Petition ¶ 11 asserts:

1. He was not proved guilty beyond a reasonable doubt.

2. He was denied his right to trial by an impartial jury because of the prosecutors' use of their peremptory challenges.

3. He was prejudiced by a prosecutor's comment during closing argument.

4. He was [unlawfully] convicted by an all-white jury.

His first and third grounds will be dealt with first, followed by a concurrent discussion of the second and fourth.

### Proof Beyond a Reasonable Doubt

Allen unquestionably did not raise on direct appeal whether he was proved guilty beyond a reasonable doubt. That failure constituted a waiver under Illinois law. *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970). Hardy argues (Mem. 3–4) *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), as interpreted and extended by our Court of Appeals in *United States ex rel. Williams v. Franzen,* 687 F.2d 944, 950 (7th Cir.1982), therefore bars Allen from raising the reasonable doubt issue in this habeas proceeding. *Wainwright* and *Williams* require a showing of cause for and prejudice resulting from failure to appeal an issue, and Allen assertedly has not made those showings.[3]

Allen responds (Ans. Mem. 5) the Appellate Court did adjudicate the issue and specifically found "the evidence establishing defendant's guilt was overwhelming." 96 Ill.App.3d at 879, 52 Ill.Dec. at 425, 422

N.E.2d at 106. In turn, Hardy retorts (R. Mem. 3) the court's comment was in the context of its handling Allen's closing-argument-prejudice claim and does not reflect an adjudication on the merits.

■ When a state court actually rules on the merits of an issue "waived" by failure to raise the issue on appeal, *Wainwright's* cause-prejudice standard need not be met to obtain habeas review. *See Williams,* 687 F.2d at 951. Here the Illinois Appellate Court specifically noted Allen did "not contest the sufficiency of the evidence against him," but it went on to pronounce that evidence "overwhelming" upon "[a] careful review of the record." 96 Ill.App.3d at 879, 52 Ill.Dec. at 425, 422 N.E.2d at 106. That certainly has the ring of a beyond-a-reasonable-doubt determination, perhaps enough to avoid *Wainwright.*

But such avoidance would give Allen cold comfort. It is unnecessary to decide whether the Appellate Court's "overwhelming" label fits the evidence. What controls here is that the evidence is at least sufficient to meet the constitutional standard of *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979) (footnote omitted):

We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

■ Allen's counsel concedes as much (Ans. Mem. 6), as he must in light of the record. Two witnesses and a police officer testified to four statements by one victim naming Allen as the assailant before she

---

**3.** Allen's counsel is wrong in contending (Ans. Mem. 5 n. 4) Hardy argues "the sufficiency of the evidence is an unexhausted claim." Under the *James* waiver doctrine, Allen's failure to appeal on that issue means he *has* exhausted his state remedies. *Wainwright* imposes a *separate* restriction on habeas review of an issue

"exhausted" by a petitioner's procedural default. Such a default is held to constitute an adequate and independent state ground for decision, barring federal habeas review. *See* 433 U.S. at 78–79, 81–82, 89–91, 97 S.Ct. at 2502, 2503–04, 2507–09.

died. 96 Ill.App.3d at 873–74, 52 Ill.Dec. at 421–22, 422 N.E.2d at 102–03. There is no genuine issue of fact material to the question whether the jury could rationally have concluded the evidence proved Allen guilty beyond a reasonable doubt. Because the constitutional requirement is met, compare *Jackson,* 443 U.S. at 325–26, 99 S.Ct. at 2792–93, Hardy is entitled to judgment on Allen's reasonable-doubt claim as a matter of law.

### Prejudicial Prosecutorial Comment

■ Closing argument by the prosecutor referred (over defense objection) to stricken testimony by a police officer indicating he had known Allen for ten years. 96 Ill. App.3d at 878–79, 52 Ill.Dec. at 425, 422 N.E.2d at 106. Allen claims the prosecutor's comment, possibly suggesting Allen's unrelated criminal past, prejudiced Allen and therefore entitles him to habeas relief.[4]

But Allen can succeed on that claim only if he shows the prosecutor's comment rendered his trial so unfair as to amount to a denial of due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). As the Appellate Court noted, the comment involved only an assertion the policeman *knew* Allen for ten years, not any direct assertion of Allen's past criminal record. 96 Ill.App.3d at 879, 52 Ill.Dec. at 425, 422 N.E.2d at 106. Again the total evidence, even with all inferences running in Allen's favor, establishes as a matter of law the prosecutor's comment did not render Allen's trial so "fundamentally unfair as to deny him due process." *Donnelly,* 416 U.S. at 645, 94 S.Ct. at 1872.[5] Hardy is entitled to summary judgment on this claim too.

### Peremptory Challenges and Jury Composition

■ Allen's counsel suggests (Ans. Mem. 2 n. 1) any claim arising from Allen's fourth ground (conviction by an all-white jury) is subsumed within his second ground (the prosecution's misuse of peremptory challenges). They might nonetheless be viewed as distinct analytically: Peremptory challenge misuse goes to the question of racial bias in the process of selecting individuals for a jury, while the jury's racial composition goes to the *result* of that process and asks whether the Constitution permits or mandates juries of certain demographic characteristics for certain defendants.

However, the two issues certainly tend to blend in practice and are often treated as two sides of the same coin. *See, e.g., Apodaca v. Oregon,* 406 U.S. 404, 413–14, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972); *Easter v. Estelle,* 609 F.2d 756, 759–60 (5th Cir.1980). For this reason, and because Allen's petition ¶ 11(B) and (D) also meld the two issues, they will be treated together.[6]

As already noted, the Appellate Court relied on the plurality opinion in *Swain v. Alabama* to deny Allen's appeal on the peremptory challenges issue. Since then, however, another panel of the same Illinois Appellate Court has rejected the notion *Swain,* an equal protection case, is controlling on the Sixth Amendment impartial jury issue. *Payne,* 106 Ill.App.3d at 1041–42, 62 Ill.Dec. at 750, 436 N.E.2d at 1052. And this dispute has continued. *See People v. Gosberry,* 109 Ill.App.3d 674, 675–76, 678–83, 65 Ill.Dec. 99, 100–101, 103–106, 440

---

**4.** Hardy Mem. 6–7 incorrectly argues Allen's claim on the prosecutor's comment is insufficiently pleaded. Allen's *pro se* allegations, read together with the Appellate Court's decision, make the nature of his claim plain. *See* Pet. Ans. Mem. 6 n. 5.

**5.** Allen's counsel also concedes this point (Ans. Mem. 6), but Hardy's counsel apparently does not know a concession when he sees one. *See* R. Mem. 4.

**6.** Hardy's Answer at 1 concedes Allen has exhausted all "available state court remedies,"

and Hardy's Mem. 7 does not contend habeas review of the racial composition issue is barred by failure to raise it on direct appeal. Thus Hardy's submissions imply his understanding the issues are one. Hardy also has not suggested the jury composition claim renders Allen's petition "mixed" and therefore subject to dismissal under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This Court too finds Allen's petition is not "mixed" either as filed or as it survives the present opinion and order.

N.E.2d 954, 955–56, 958–61 (1st Dist.1982); *People v. Teague,* 108 Ill.App.3d 891, 895–97, 64 Ill.Dec. 401, 405–06, 439 N.E.2d 1066, 1070–71 (1st Dist.1982). Obviously the Illinois Supreme Court has granted discretionary review of *Payne* (leave to appeal allowed, September Term 1982) to resolve the issue.

That prospect has led the parties to agree Allen's habeas claim ought to be held in abeyance. Ans. Mem. 5; R. Mem. 1. This Court concurs for two reasons:

1. If the Illinois Supreme Court affirms *Payne,* Allen will likely have recourse to the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, §§ 122–1 to 122–7 (the "Act").[7]

2. If after the Illinois Supreme Court's resolution of *Payne* Allen is without a state court remedy, he may respond to Hardy's summary judgment motion by submitting documentary or other evidence on the systematic exclusion of minorities from Cook County juries. Such evidence is relevant to disposition of Hardy's motion under *Swain* itself. *See* 380 U.S. at 223, 226–27, 85 S.Ct. at 837, 839.

Ruling is therefore deferred as to Allen's claims he was prejudiced by (1) the prosecutors' use of peremptory challenges and (2) his trial by an all-white jury.

### Conclusion

There is no genuine issue of material fact, and Hardy is entitled to a judgment as a matter of law, as to Allen's claims (1) he was not proved guilty beyond a reasonable doubt and (2) he was prejudiced by the prosecutor's closing argument reference to stricken evidence. This Court defers ruling as to Allen's claims (1) he was denied his right to trial by an impartial jury by the prosecutors' use of their peremptory challenges and (2) he was convicted (unconstitutionally so) by an all-white jury.

**7.** Although the Appellate Court's 1981 decision on Allen's peremptory challenge issue would ordinarily be res judicata in any petition under the Act, that doctrine is relaxed when the constitutional right relied on is recognized for the first time after disposition of a petitioner's direct appeal. *See People v. Ikerd,* 47 Ill.2d 211, 212, 265 N.E.2d 120, 121 (1970); *Goins v. Peo-*

ple, 103 Ill.App.3d 596, 598, 59 Ill.Dec. 312, 314, 431 N.E.2d 1069, 1071 (1st Dist.1982). If however an affirmance of *Payne* is applied only prospectively, or if the Act is for some other reason unavailable, Allen would be able to return to this Court on the terms specified in the next paragraph in the text.