Steve Camron PERRY, Plaintiff-Appellant,

v.

Freddy V. SMITH, Commissioner, J.O. David, Warden, Defendants-Appellees.

No. 86–7225.

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 1987.

---

* *See* Rule 3, Rules of U.S. Court of Appeals for the Eleventh Circuit.

Hess, Atchison & Horne, James E. Atchison, Richard M. Crump, Mobile, Ala., for plaintiff-appellant.

James F. Hampton, McLain & Hampton, Montgomery, Ala., for defendants-appellees.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

Steve Camron Perry is an Alabama prison inmate serving a life sentence for murder. He claims that his conviction is invalid, under the Due Process Clause, because the jury that convicted him was denied the opportunity to consider charges against him on the lesser included offenses of manslaughter or criminal negligent homicide. The district court found no due process violation and denied habeas corpus relief. We affirm.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

I

The facts of this case are comprehensively set forth in the opinion of the Alabama Court of Criminal Appeals affirming Perry's conviction, *Perry v. State*, 455 So.2d 999 (Ala.Crim.App.1984). They establish that on the night of February 4, 1982, Perry and an accomplice entered the victim's houseboat at gunpoint for the purpose of robbing the victim, his wife, and some friends of drugs. Perry and his accomplice knew that the victim, Horace Godwin, and his wife had earlier that evening taken approximately 100 Dilaudid pills and a pound of marijuana to the houseboat. Both Perry and the other intruder were armed. Godwin put up a fight while Perry was attempting to tape him, and in the ensuing scuffle Perry fired one shot at Godwin, and then fled from the houseboat with his accomplice. Godwin pursued them, another scuffle occurred, and another shot was fired. After his death it was determined that Godwin had two bullet wounds.

Perry was arrested some time later and identified in a lineup as the person who shot the victim. At trial, Perry claimed through several witnesses (Perry did not testify) that he was at home at the time of the shooting. The jury rejected Perry's alibi and found him guilty as charged.

On appeal to the court of criminal appeals, Perry sought a new trial on the ground, *inter alia*, that the trial judge denied him due process of law by refusing to instruct the jury, as Perry had requested, on the lesser included offenses of manslaughter and criminal negligent homicide. The court of criminal appeals found no error because, in its view, the lesser included offenses had not been adequately supported in the evidence. *Perry*, 455 So.2d at 1002–03. The Alabama Supreme Court denied Perry's application for a writ of certiorari on September 21, 1984, in an unpublished opinion. Perry then instituted these habeas proceedings, claiming that the fail-

ure to instruct the jury on the lesser included offenses denied him due process.

## II

The federal district court relied on *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980), to hold that due process had not been denied Perry. *Easter* is binding precedent in this court.[1] While we have some qualms about whether the state trial court committed procedural error under state law by failing to instruct the jury on the lesser included offenses, *Easter* is clearly applicable and controls our decision to affirm. *Easter* held in a noncapital murder case that the Constitution's Due Process Clause does not require a state court to instruct the jury on lesser included offenses. *Id.* at 758. Thus even if it was error in this case for the state trial judge to fail to so instruct the jury, that failure does not violate the Due Process Clause.

*Easter*'s holding has not been affected by subsequent Supreme Court or Eleventh Circuit jurisprudence. *See Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir.1985) (observing the continued vitality of *Easter* in the Fifth Circuit). In *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the Supreme Court held that in a capital trial the Due Process Clause required an instruction on a lesser included offense where the "evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense...." *Id.* at 635, 100 S.Ct. at 2389. The Court explicitly left open the question of whether due process required such instructions in noncapital cases, *id.* at 638 n. 14, 100 S.Ct. at 2390 n. 14, and subsequent cases from the Court defining *Beck* have not approached the question. *See, e.g., Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984); *Hopper v. Evans*, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).

Perry suggests that we should distinguish his case from *Easter* because the defendant in *Easter* did not request an instruction on a lesser included offense. Perry misreads *Easter*. *Easter* did not hold that there is a constitutional right to such an instruction that the defendant there had waived by failing to request the charge. *Easter* held instead that there is no right under the Due Process Clause to such a charge. Thus a request for such a charge fails to invoke a due process right for the simple reason that the right does not exist.

## III

The judgment of the district court is AFFIRMED.

---

**1.** In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.