[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10962
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00027-CV-4-RH-WCS

WALTER HARRIS,

Petitioner-Appellant,

versus

JAMES CROSBY,
CHARLES CRIST,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 2, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Walter Harris is a Florida prisoner serving a 25-year sentence for several offenses arising from his sexual battery of a 12-year-old student while Harris was a teacher and coach. He appeals pro se the denial of his federal habeas petition, which was filed pursuant to 28 U.S.C. § 2254.

Because Harris filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the provisions of that Act apply. That Act "prevents a federal court from granting habeas relief unless the state court's decision either was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Rutherford v. Crosby, 385 F.3d 1300, 1306 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(d)).

The State of Florida filed six counts against Harris. Each charged sexual battery, in violation of Fla. Stat. § 794.011(8)(b), and the lesser included offense of battery, in violation of Fla. Stat. § 784.03. Harris first argues that he was denied due process because the state trial court refused to instruct the jury on an additional statute that Harris contends is also a lesser included offense of Fla. Stat. § 794.011(8)(b).[1] We have held, however, that in non-capital cases, like this one,

_____

[1] Harris' brief cites Fla. Stat. § 794.011(5) as the lesser included offense on which he wanted the jury instructed. We, like the State, assume that Harris meant to cite Fla. Stat. § 800.04(4), which

the "Due Process Clause does not require a state court to instruct the jury on lesser included offenses." Perry v. Smith, 810 F.2d 1078, 1080 (11th Cir. 1987). Thus, the argument is meritless.

Harris' initial brief can be fairly construed as also asking this Court to review whether the state trial court's failure to provide the additional lesser included offense instruction was an error under state law. We will not reach the merits of that argument. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991). As we have said, there is no federal due process violation, and that is all we need decide.

Harris' second argument is that his trial counsel was constitutionally ineffective for requesting that the jury be instructed that Fla. Stat. § 800.04(4)(a) is a lesser included offense of Fla. Stat. § 794.011(8)(b). It is undisputed that trial counsel erred in requesting that instruction because counsel was referring to the revised version of Fla. Stat. § 800.04(4)(a) that went into effect in October 1999,

---

is the statute that Harris had relied on in his § 2254 petition and argued to the district court. Harris cannot switch statutes on appeal. Of course, as the discussion in the text reflects, which statute is at issue is irrelevant to our resolution of the merits of this argument.

3

and thus did not apply to Harris' crimes, which had occurred in March and April of 1999. Harris says that he was prejudiced by counsel's error because counsel should have requested a lesser included offense instruction about a statute that applied to the proceedings (his brief doesn't say which statute) and that, had counsel done so, the jury would have likely convicted Harris of that other lesser included offense.

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), provides the "clearly established . . . federal law governing ineffective assistance claims." Rutherford, 385 F.3d at 1308. Under Strickland, Harris "must demonstrate that his counsel's performance was outside the wide range of professionally competent assistance . . . [and] he must establish a reasonable probability that, but for his counsel's deficient performance, the result of the proceedings would have been different." Rutherford, 385 F.3d at 1308 (internal marks and citations omitted). "[F]ailure to establish either is fatal and makes it unnecessary to consider the other." Id.

On its face, Harris' argument is that his trial counsel erred simply by requesting that the jury be instructed on the October 1999 version of Fla. Stat. § 800.04(4)(a). Harris cannot demonstrate that he suffered prejudice from that error. No prejudice attached merely because counsel asked for that to which Harris was

4

not entitled.

Liberally construing Harris' brief, it may be read to argue that his trial counsel erred by not requesting that the jury be instructed on a different statute. Under this construction as well Harris cannot demonstrate "that, but for his counsel's deficient performance, the result of the proceedings would have been different." Rutherford, 385 F.3d at 1308. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (internal marks and citations omitted). Harris' assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation—speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.

**AFFIRMED.**