UNITED STATES of America ex rel. Robert WILLIAMS, Petitioner-Appellant,

v.

Thomas ISRAEL, Warden, Illinois State Penitentiary, Menard, Respondent-Appellee.

No. 76–2080.

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1977.

Decided June 14, 1977.

Norman L. Marcus, Oak Park, Ill., Patrick D. McAnany, Dept. of Criminal Justice, Chicago, Ill., for petitioner-appellant.

Gerri Papushkewych, Asst. Atty. Gen., Springfield, Ill., William J. Scott, Atty. Gen., Chicago, Ill., for respondent-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and GRANT, Senior District Judge.*

TONE, Circuit Judge.

Petitioner challenges his Illinois conviction for murder and intimidation in this habeas corpus proceeding under 28 U.S.C. § 2254 against the warden of the place of incarceration. The conviction was affirmed by the Illinois Appellate Court in *People v. Williams*, 14 Ill.App.3d 789, 303 N.E.2d 585 (1973), and the Illinois Supreme Court denied leave to appeal.

Petitioner alleged ineffective representation of counsel violative of the right guaranteed by the Sixth Amendment. (The petition contained other allegations of constitutional violations, but they are not urged on appeal.) The petition was dismissed by the District Court for failure to exhaust state remedies, appellant having sought no relief under the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, §§ 122-1, *et seq.* (1975). We affirm.

If petitioner's claim were based on facts "wholly within the record," the Illinois doctrines of res judicata or waiver would preclude relief through a state post-conviction remedy, and *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1386 (7th Cir. 1974), would excuse petitioner from exhausting that remedy as a condition to seeking relief under § 2254. Those Illinois doctrines apply only to constitutional claims based upon the record which could have been raised on direct appeal. *Id.* at 1385. Petitioner's contention of ineffectiveness of counsel is, as petitioner concedes, based in substantial part on evidence outside the record; it is therefore collaterally reviewable in a post-conviction review proceeding in the Illinois courts. *People v. Stepheny*, 46 Ill.2d 153, 263 N.E.2d 83 (1970).

Petitioner contends, however, that the *Brantley* rationale should be applied to excuse exhaustion whenever it appears that the state proceeding would be a mere formality. Because Illinois follows a less stringent standard than we do for judging effectiveness of retained counsel, he contends that his attempt to gain a new trial through a post-conviction hearing would necessarily be futile. Apart from some doubt that there is much difference between the present Illinois standard, articulated in *People v. Ortiz*, 22 Ill.App.3d 788, 317 N.E.2d 763 (1974), and our standard, announced in *United States ex rel. Williams v. Twomey*, 510 F.2d 634, 640 (7th Cir. 1975), no Illinois court has yet considered the latter decision,

* The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

so far as we are advised. That case having declared a rule of federal constitutional law, we have no reason to believe that its holding will not be followed by the Illinois courts in ruling on claims of ineffective assistance of counsel based on the Sixth Amendment.

We are therefore required by 28 U.S.C. § 2254(b) and (c) to affirm the dismissal of the petition for failure to exhaust state remedies.

Affirmed.