UNITED STATES of America ex rel. Leroy BROADNAX, Petitioner,

v.

Richard W. De ROBERTIS, Warden, Stateville Correctional Center, Respondent.

No. 81 C 1079.

United States District Court, N.D. Illinois, E.D.

April 6, 1983.

Leroy Broadnax, for petitioner.

Tyrone C. Fahner, Atty. Gen., Thomas C. Crooks, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Petitioner Leroy Broadnax is serving an extended term of fourteen years at Stateville Correctional Center following his conviction for robbery. Petitioner took a direct appeal of his conviction to the Illinois Appellate Court, Second District, on two grounds: (1) that he was denied effective assistance of trial counsel because counsel failed to present any evidence in support of pretrial motions challenging the constitutionality of the composition of the grand and petit juries involved in his trial; and (2) that his extended term sentence of fourteen years was excessive and should be reduced. The Illinois Appellate Court affirmed his conviction and the Illinois Supreme Court denied him leave to appeal.

Broadnax now petitions this court for issuance of a writ of habeas corpus on seven grounds: (1) denial of a fair and impartial trial because the grand and petit jury selection processes consistently discriminate against black, Latino, and poor defendants by excluding blacks and others from the jury selection process; (2) denial of effective assistance of counsel because trial counsel failed to prepare a complete defense; (3) and (4) denial of a fair trial because of perjury by the arresting officers before the grand jury and at trial; (5) the unconstitutionality of his extended term sentence; (6) denial of redress of grievances because the Illinois Supreme Court denied petitioner leave to appeal; and (7) denial of constitutional protection from cruel and unusual punishment because the petitioner is imprisoned in a segregated prison.

Respondents move to dismiss the petition on the following grounds: (1) the issues

involving the jury selection process and the perjury by the arresting officers were not argued on direct appeal to the Illinois Appellate Court, and thus were waived for purposes of habeas corpus review under the principle of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); (2) the petitioner failed to exhaust an available state remedy concerning the claim of ineffective assistance of counsel; (3) the extended term sentence imposed on Broadnax is constitutional; (4) the Illinois Supreme Court's denial of leave to appeal was within its proper discretion to review appeals; and (5) petitioner has improperly pleaded the claim of cruel and unusual punishment in his imprisonment. For the reasons discussed below, the petition is dismissed.

## I. *General Principles of Habeas Corpus*

■ While the writ of habeas corpus has been, and continues to be, the "symbol and guardian of individual liberty," *Peyton v. Rowe,* 391 U.S. 54, 59, 88 S.Ct. 1549, 1552, 20 L.Ed.2d 426 (1968), its use has long been guided by two doctrines: (1) the principle of waiver, which directs the federal judge to deny habeas corpus relief if the ground upon which that relief is sought has been "waived" by the petitioner; and (2) the principle of exhaustion, which requires dismissal of the habeas petition if the state remedies available to the petitioner have not been "exhausted".

### A. *The Principle of Waiver*

■ One of the basic assumptions underlying our system of law is that a defendant can choose to avoid presenting a defense or argument which is in fact available to him. However, as the Supreme Court noted in *Fay v. Noia,* 372 U.S. at 438, 83 S.Ct. at 848: " . . . habeas corpus has traditionally been regarded as governed by equitable principles. . . . Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." The principle of waiver in habeas corpus law simply holds that if the avoidance of or failure to present a defense at trial is construed as some kind of forfeiture

or abandonment of that defense, then such avoidance or failure constitutes a waiver of that defense and habeas relief is unavailable.

The original standard for conduct constituting waiver in habeas proceedings was drawn from the classic definition of waiver in *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938): "an intentional relinquishment or abandonment of a known right or privilege." Thus, the court in *Fay v. Noia* held that

[i]f a habeas applicant . . . understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief . . . .

372 U.S. at 439, 83 S.Ct. at 849. The failure to raise on appeal an issue in the state courts would allow the federal court to consider the issue waived, provided the failure was shown to be a "deliberate bypass" of the state courts.

The deliberate bypass standard of *Fay,* however, soon began to give way to a new standard which required the petitioner to explain the failure to appeal or present the defense. In *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the petitioner sought to challenge the composition of the grand jury which indicted him, arguing that the failure to make the challenge before trial, as required by Fed.R.Crim.P. 12(b)(2), was not a deliberate bypass of the proper procedure for making such challenges. The Supreme Court rejected the petitioner's argument, setting aside the deliberate bypass rule in favor of the standard set by the language of Rule 12 itself that failure to challenge jury composition prior to trial is a waiver of the issue absent a showing of cause for failing to raise the issue in a timely manner. 411 U.S. at 242, 93 S.Ct. at 1582–83. Further, the *Davis* Court required a showing of actual prejudice from the statutory waiver

before relief from that waiver is granted. 411 U.S. at 245, 93 S.Ct. at 1584.

The court extended this "cause and prejudice" standard to state procedures governing challenges to grand jury composition in *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), and further narrowed the language of *Fay v. Noia* in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Sykes,* the habeas petitioner failed to comply with Florida's "contemporaneous objection" rule, which required a defendant to move to suppress evidence prior to trial or else waive the evidentiary objection for purposes of a state appeal. Finding the language of *Fay* "sweeping" and likely to encourage "sandbagging" on the part of defense lawyers, 433 U.S. at 87, 89, 97 S.Ct. at 2506, 2507, the *Sykes* Court adopted the cause and prejudice standard of *Davis* and *Francis.* This preference for the cause and prejudice standard in cases involving procedural defaults during trial was reinforced in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). In both cases the petitioners on habeas challenged jury instructions that they did not object to during the trial. In both cases the cause and prejudice standard was applied to the failures to object.

Despite this preference for the cause and prejudice standard the Supreme Court has not made it clear that it is applicable to issues raised on habeas that were not raised on direct appeal in the state courts.[1] However, the Seventh Circuit, in *Norris v. United States,* 687 F.2d 899 (7th Cir.1982), applied the cause and prejudice standard to failures to appeal by federal prisoners, and extended *Norris* to failures to appeal by state prisoners in *United States, ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir. 1983). Thus, in the Seventh Circuit at least, if a habeas petitioner seeks relief on an issue that he did not object to during trial, or that he failed to raise in his direct appeal, that issue will be considered waived for purposes of habeas review, unless the petitioner can show cause excusing his failure to object or appeal and actual prejudice from the error he alleges took place at trial.

**B. The Principle of Exhaustion**

■ The principle of exhaustion is almost a century old. First articulated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1866), the principle is now embodied in the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c).[2] The language of the statute makes it clear that until a state prisoner has attempted all possible state remedies to cure his alleged constitutional injury, federal habeas relief is not available. The justification for this requirement lies in principles of comity or respect for the sovereignty of state courts: "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct an unconstitutional violation . . . ." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1949). Comity teaches the federal court

---

1. The *Sykes* Court left open the question of the applicability of the cause and prejudice standard to failures to appeal: "[w]hether the *Francis* rule should preclude federal habeas review of claims not made in accordance with state procedure where the criminal defendant has surrendered, other than for reasons of tactical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day." 433 U.S. at 88, n. 12, 97 S.Ct. at 2507, n. 12.

2. Title 28 U.S.C. § 2254 provides in pertinent part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

that it "should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass on the matter." *Id.* Applied to federal habeas proceedings, comity requires the federal courts to defer to the state court system and give that system the first chance to correct its alleged constitutional improprieties. If some avenue of state relief is still open to a habeas petitioner the federal court must dismiss the petition and let the petitioner pursue his remaining state remedies. Only when the petitioner has exhausted all available state remedies, so that the state court system has operated to the fullest extent possible, may the federal courts step in and render federal habeas relief. *See Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Ex parte Hawk,* 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944).

The Supreme Court has recently held that when a habeas petition presents several grounds for relief all claims must be exhausted before a federal court can consider their merits for habeas relief. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This strict enforcement of the exhaustion principle will "encourage" petitioners to present a single habeas petition to the federal court, thus reducing "piecemeal litigation," and "providing for a more focused and thorough review." 102 S.Ct. at 1204.

With these two principles of federal habeas law in mind, this court now turns to Broadnax's claims.

II. *The Jury Selection Claim*

Broadnax claims that he was denied a fair trial because the process of selecting potential jurors—the selection of names from the list of registered voters in Kane County—is *per se* discriminatory. Broadnax, in his habeas petition, grounds his claim on the fact that only one black and one Latino were made available for selection of the petit jury. His trial counsel argued, in a pretrial motion based on this claim, that such discrimination results because young adults, blacks and other segments of the community who traditionally do not register to vote are thereby excluded from the jury selection process.

An understanding of the procedural history of this claim is essential to its disposition in this habeas proceeding. At a pretrial hearing on motions filed by Broadnax's appointed trial counsel, motions to quash the petit jury panel and to dismiss the indictments were considered. Both motions were based on alleged discrimination in jury selection. While trial counsel cited case law to support his position, he presented no evidence in support of the motions. In the absence of evidence showing that some discrimination or prejudice in fact occurred in the jury selection process, the trial court denied the motions. On direct appeal to the Illinois Appellate Court, the jury selection issue was not raised on its merits. However, trial counsel's failure to argue the issue completely and to present evidence in support of the claim was the basis for Broadnax's claim on appeal of ineffective assistance of counsel.

The respondents here, citing *Fay v. Noia,* argue that Broadnax's failure to appeal directly on the jury selection issue resulted in a waiver of the issue. As was discussed earlier in the opinion, the deliberate bypass standard of *Fay* is no longer the standard in this circuit for failures to appeal. Rather, as *Spurlark* indicates, the cause and prejudice standard governs. But the threshold question here is whether the respondents are even correct in classifying this as a failure to appeal.

Illinois courts have consistently restricted the ambit of appellate court review to the trial record itself. *People v. Edwards,* 74 Ill.2d 1, 23 Ill.Dec. 73, 383 N.E.2d 944 (1981). A reviewing court "may not guess at the harm to an appellant" and "must refrain from supposition." *Id.* at 7, 23 Ill.Dec. at 75, 383 N.E.2d at 946. In petitioner's trial, the jury selection issue was raised, but the most important part of the argument—the evidence to prove that discrimination in fact occurred—was never presented. An

appellate court, limited to a trial record devoid of evidence on the claim, could only affirm the trial court's denial of the motions. In short, it would have been futile for Broadnax to appeal on the jury selection claim. But it is Broadnax's failure to present the evidence necessary to sustain the claim that produced this futility, and it is that failure to present evidence, and not the failure to appeal, which must be the focus of this court's analysis.

█ It is unclear what standard of waiver should apply to a failure to present evidence at trial in support of a legal claim because the facts of such a situation fall outside the fact patterns under which waiver cases have previously been decided. In *Sykes,* as well as *Engle v. Isaac* and *Frady v. United States,* the ground upon which habeas relief was sought was an issue never raised at trial. In all three cases the procedural default was the failure to make a timely objection, and the issue itself thus never appeared in the trial record. Here Broadnax's trial counsel raised the issue at trial. The "procedural default" (if it can be classified as such) was the failure to present the necessary evidence. When an issue is raised at trial but never fully presented, does the *Sykes* cause and prejudice standard apply?

This court believes that the cause and prejudice test should apply to failures to present evidence for at least two reasons. First, the concern of the *Sykes* Court was that, under the deliberate bypass standard, defense lawyers may attempt to "sandbag" constitutional issues—not raising those issues at trial because habeas relief would be available if an acquittal could not be obtained without them. 433 U.S. at 89, 97 S.Ct. at 2508. The failure to present evidence in

support of an issue raised at trial, if not governed by the cause and prejudice standard, would encourage tactics similar to "sandbagging." Defense lawyers could raise laundry lists of issues at trial, without arguing or supporting them, with the hope of falling back on those issues if initial trial strategy does not pay off. Such a strategy would waste valuable trial and federal habeas court time, as well as relegating the state trial court to a position of "second class citizen," in violation of the principle of comity, which governs relations between federal and state courts in general.

Second, it has become increasingly evident that the cause and prejudice standard is the standard against which all defaults are measured. In *Norris v. United States, supra,* the Seventh Circuit adopted the cause and prejudice standard for failures to appeal, largely on the perception that recent Supreme Court cases indicated a shift away from the deliberate bypass standard:

[S]ometimes later decisions, though not explicitly overruling or even mentioning an earlier decision, indicate that the Court very probably will not decide the issue the same way the next time. In such a case, to continue to follow the earlier case blindly until it is formally overruled is to apply the dead, not the living, law.

687 F.2d at 904. This perception was reinforced in *United States ex rel. Spurlark v. Wolff, supra.* And in *United States ex rel. Veal v. DeRobertis,* 693 F.2d 642 (7th Cir. 1982), the Seventh Circuit cited the "unequivocal and unambiguous" language of *Engle v. Isaac* to hold that *any* procedural default is subject to the cause and prejudice standard.[3] The Third Circuit also recently

---

**3.** In *Veal,* petitioner challenged the exclusion of alleged alibi witnesses from testifying at his trial on the ground that the names of these witnesses had not been given to the prosecution as required under state law. Respondent contended that petitioner had failed to make an adequate offer of proof regarding the existence and testimony of these witnesses, as required by state law, and he was therefore precluded from raising the alleged erroneous exclusion on habeas corpus absent a *Sykes* showing of cause

and prejudice. Petitioner argued that the *Sykes* test should be limited to the facts of that case involving failures to comply with contemporaneous objection rules.

The Seventh Circuit agreed with respondent. It concluded that petitioner had failed to present the evidence necessary to make an adequate offer of proof, that an offer of proof was required under state law, and that the *Sykes* rule extended to all procedural defaults. As in

noted that "the ascendancy of the cause and prejudice standard is reflected in the broad language of *Engle v. Isaac. United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 442 (3d Cir.1982). That broad language, as well as the recent Seventh Circuit decisions in *Norris, Veal* and *Spurlark,* leads this court to believe that petitioner must be deemed to have waived his jury selection claim unless he can show cause for the failure to present necessary evidence at trial and prejudice resulting from the alleged error.

 It appears from Broadnax's petition that the only argument he would advance to show cause for trial counsel's failure to present evidence would be attorney incompetence or negligence.[4] Whether or not Broadnax's trial counsel provided "ineffective assistance" in general is considered in Part III of this opinion. As to the jury selection claim specifically, it is evident that the only way that Broadnax can establish

that his trial counsel was ineffective or negligent would be to show that there is in fact evidence of discrimination resulting from the jury selection process.[5] As the Illinois Appellate Court noted, the fact that Broadnax's appellate counsel failed to provide evidence of discrimination not submitted by trial counsel strongly suggests that there is no such evidence. If so, it would be hard to accept the proposition that Broadnax's trial counsel was incompetent or ineffective because he failed to present nonexistent evidence. It is therefore incumbent upon Broadnax to give some indication that such evidence in fact exists, if he wishes to establish "cause" for the failure to present evidence.[6] However, Broadnax's petition does not assert that such evidence exists, nor does it provide such evidence for this court's consideration. Thus, Broadnax fails to meet the first prong of the cause and prejudice standard, and the jury selec-

---

*Veal,* petitioner here did not present evidence to the trial court necessary to support a grant of the requested relief. As in *Veal,* petitioner here did not present evidence to the trial court necessary to support a grant of the requested relief. As in *Veal,* the state appellate court in · this case could not reach the merits of petitioner's claim because of the absence of necessary evidence in the trial record. *See* discussion, *supra,* at p. 8.

4. The Supreme Court has left open the question of what constitutes "cause" in the waiver context. *Wainwright v. Sykes,* 433 U.S. at 87, 90–91, 97 S.Ct. at 2506–07, 2508–09. In *Garrison v. McCarthy,* 653 F.2d 374 (9th Cir.1981), the court held that only a showing of "ineffective assistance" in violation of the Sixth Amendment would satisfy the cause requirement in situations where the procedural default was a tactical decision, but that a lesser showing of incompetency may be all that is necessary where the procedural default is not deliberate. *Id.* at 377–78. As discussed below, petitioner has not shown cause under either standard.

5. The Supreme Court outlined the three basic requirements for showing that an equal protection violation has occurred in the grand jury selection process in *Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977). The petitioner must show that (1) the group to which he belongs is a recognizable, distinct class, singled out for different treatment under the laws as written or as applied; (2) the group to which he belongs has been under-represent-

ed on grand juries, which is to be proved by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors over a significant period of time; and (3) the juror selection process is susceptible of abuse or is not racially neutral, so that the statistical showing of under-representation can support an inference of discrimination that the statistics suggest. *Id.* at 494, 97 S.Ct. at 1280. *See Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); *Hernandez v. Texas,* 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954). Once a petitioner has met these three requirements he has established a *prima facie* case of discriminatory purpose in the jury selection process and then the burden of proof shifts to the state to rebut the case. *Castaneda v. Partida,* 430 U.S. at 495, 97 S.Ct. at 1280.

6. It is important to note that the *Sykes* cause and prejudice standard shifts the burden of proof to the petitioner. Under the deliberate bypass standard of *Fay,* the respondent had the burden of showing that the petitioner had deliberately chosen to avoid the state appellate procedures. Under the cause and prejudice standard, the petitioner must now show that the failure to raise an issue or to appeal are somehow excused by good "cause". Given this burden of proof it is incumbent upon Broadnax to produce the evidence to show that his trial counsel was incompetent or ineffective.

tion issue is therefore waived for purposes of habeas review.[7]

### III. The Ineffective Assistance of Counsel Claim

■ Broadnax asserts two grounds for his claim of ineffective assistance of counsel: the failure to investigate all defenses (*i.e.*, the failure to present evidence on the jury selection claim), and the alleged fact that the public defender provided to Broadnax aspired to the office of state's attorney and thus had a conflict of interest in defending Broadnax. Respondents urge that Broadnax has failed to exhaust his state remedies on this claim because he could seek a hearing under the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat., ch. 38, §§ 122–1 to 122–7 (1981).

The language of the Post-Conviction Hearing Act itself indicates that any prisoner claiming a denial of constitutional rights has a post-conviction remedy.[8] However, Illinois courts have "virtually eliminated the remedy for any prisoner who has taken a direct appeal of his conviction," *United States ex rel. Williams v. Brantley,* 502 F.2d 1383, 1385 (7th Cir.1974), because for purposes of the Post-Conviction Hearing Act a judgment on direct appeal is (1) *res judicata* as to all issues presented to the reviewing court and (2) a waiver as to all issues that could have been but were not raised on appeal. *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970). Here Broadnax did present to the state appellate court his claim of ineffective assistance for failure to present evidence of discrimination in jury selection, and the decision of the appellate court is *res judicata* on that issue. The

Post-Conviction Hearing Act is therefore unavailable to Broadnax for purposes of that claim. Broadnax's claim of ineffective assistance because of the failure to present jury selection evidence is exhausted and so may be considered on its merits.

■ The standard for ineffective assistance of counsel in the Seventh Circuit is that counsel's performance "did not meet a minimum standard of professional representation." *Guzzardo v. Bengston,* 643 F.2d 1300, 1304 (7th Cir.1981); *United States ex rel. Ortiz v. Sielaff,* 542 F.2d 377 (7th Cir. 1976); *United States, ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir.1975). As noted above, the only way that Broadnax could establish that trial counsel did not meet the minimum standard of professional representation would be to show that evidence existed to support the jury discrimination claim. Broadnax in his petition has not even suggested that any such evidence exists. Absent evidence of discrimination that would make the failure to present that evidence inexcusable, this part of petitioner's ineffective assistance of counsel claim fails on the merits.

The claim of ineffective assistance on the basis of trial counsel's alleged aspiration to become a state's attorney presents a different question. Broadnax faces both waiver and exhaustion problems regarding this claim. Having failed to raise this claim in his state appeal, he would have to satisfy the cause and prejudice test established in *Spurlark, supra.* Arguably, however, he did not present this claim to the state appellate court because it was not a matter of record, and claims based on evidence outside the

---

**7.** Because Broadnax fails to show "cause," this court does not turn to the issue of actual prejudice because, in the words of Justice O'Connor in *Engle v. Isaac,* "*Sykes* states these [cause and prejudice] criteria in the conjunctive, and the facts of this case do not persuade us to depart from this approach." 102 S.Ct. at 1575, n. 43. Even if this court were to consider this claim under the prejudice prong of the *Sykes* test, it would have to dismiss the claim because, absent evidence to the contrary, there is nothing to indicate that the jury selection process in fact discriminated against Broadnax. This issue of the petition is therefore dismissed.

If, however, petitioner Broadnax is aware of such evidence and can produce it in a future habeas petition, a federal habeas court would be within its power to consider the new claim.

**8.** Ill.Rev.Stat. ch. 38, § 122–1 provides:
 Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article . . . .

trial record cannot be heard on direct appeal. *See* discussion, *supra,* at p. 8. If that is the case, though, he is presented with an exhaustion problem because the state post-conviction remedy would then be available to him. *See United States v. Israel,* 556 F.2d 865, 866–67 (7th Cir.1977).

This court need not decide the exhaustion question, however, given its views of the merits of petitioner's claim. Where, as here, the claim is clearly non-meritorious or frivolous, a consideration and denial of the petition on the merits does not offend notions of comity sought to be protected by the exhaustion requirement. It is

> useless to require [a] petitioner to exhaust his state remedy on a claim that even if true fails to allege grounds upon which any post-conviction relief might be granted .... Surely, the state courts are not interested, solely for the sake of comity in processing a meritless claim.

*Russell v. Missouri,* 511 F.2d 861, 863 (8th Cir.1975). Because the court finds that petitioner has failed to allege any facts which, if true, would require issuance of a writ of habeas corpus, his petition as to this claim will be dismissed on the merits.

Conflict of interest questions typically arise where one lawyer represents several defendants in a single criminal prosecution, raising the spectre of conflicting individual defenses and resulting in inadequate assistance of counsel. Although the basis for the alleged conflict of interest in this case is different, the same problem of divided loyalties is presented and the legal standards developed in the context of multiple representation should apply with equal force here.

In *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court established the standard that a habeas corpus petitioner must meet in order to make out a conflict of interest claim. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348, 100 S.Ct. at 1718 (footnote omitted).

In other words, the defendant must show that "a conflict of interest actually affected the adequacy of his representation ...." *Id.* at 349, 100 S.Ct. at 1719. *See also Davis v. Franzen,* 671 F.2d 1056, 1058–59 (7th Cir.1982).

In his petition Broadnax has alleged only that the public defender appointed to represent him aspired to the office of state's attorney. Even assuming a public defender's career goals may constitute a potential conflict of interest, this allegation in itself is insufficient to support a Sixth Amendment claim. Petitioner must allege specific facts showing that his attorney's performance at trial was inadequate as a result of the conflict. In other words, as the *Cuyler* Court held, the existence of a conflict of interest is not a *per se* violation of the Sixth Amendment; it is incumbent upon petitioner to show how the conflict deprived him of effective legal representation. Broadnax's petition for a writ of habeas corpus must be denied as to this claim.

### IV. *The Perjury Claims*

As the third and fourth grounds of his habeas petition, Broadnax claims that he was denied a fair trial because the arresting police officers perjured themselves before the grand jury and at trial. Respondents urge that these two claims were waived under the principles of *Fay v. Noia.* As explained earlier, the cause and prejudice standard has replaced that of *Fay,* but the respondents are right in asserting that these issues have been waived. Broadnax's counsel did not object to the police officer's testimony at trial, nor did Broadnax appeal on these grounds directly. Thus, Broadnax must show cause and actual prejudice for his failure to raise the perjury claims at trial or on appeal. Since Broadnax has not shown any cause for his failure to comply with state procedural rules, his perjury claims are deemed waived. *See* fn. 7, *supra.*

Even if Broadnax could establish cause and show prejudice resulting from the alleged perjured testimony, he would have problems showing a sufficient violation of

his rights to justify habeas corpus relief. As the Seventh Circuit recently noted

> It has long been the rule in this circuit, as well as others, that "the introduction of perjured testimony without more does not violate the constitutional rights of the accused. It is the *knowing* and *intentional* use of such testimony by the prosecuting authorities that is a denial of due process of law" (quoting *United States ex rel. Williams v. Walker,* 535 F.2d 383, 386–87 (7th Cir.1976)).

*United States ex rel. Burnett v. People of the State of Illinois,* 619 F.2d 668, 674 (7th Cir.1980). In order for Broadnax to state a claim for habeas relief he would thus have to allege that the state's attorney knowingly and intentionally used the perjured testimony of the arresting officers. Broadnax has not made any such allegation.

■ Even if he had charged knowing and intentional use of perjured testimony, Broadnax would have to rely on evidence outside the trial record in order to establish such a claim because the trial record does not of itself suggest anything as to the motive, knowledge, or intent of the prosecutor at the time of the introduction of the allegedly perjured testimony. The necessity of evidence outside the trial record, however, raises an exhaustion question since Broadnax then would still have a state remedy available on this claim, for contentions based on evidence outside the trial record are "collaterally reviewable in a post-conviction review proceeding in the Illinois courts." *United States ex rel. Williams v. Israel,* 556 F.2d at 866. With a state remedy available on this claim, the principle of *Rose v. Lundy*—that any habeas petition with an unexhausted claim must be dismissed until all claims are exhausted— would lead this court to dismiss petitioner's whole habeas petition. *See* discussion, *supra,* at pp. 5–6. However, since Broadnax has not even made the necessary allegations to establish a perjury claim, the court need not reach the exhaustion question.[9]

## V. The Extended Sentence Claim

■ The fifth ground of Broadnax's petition is that his extended term sentence is unconstitutional because of its length. Broadnax was convicted of robbery, which is classified as a Class 2 felony under Illinois law. Ill.Rev.Stat. ch. 38, § 18–1(b). Under the sentencing statute in force at the time of Broadnax's conviction, a simple Class 2 felony conviction carried with it a sentence of not less than three nor more than seven years. Ill.Rev.Stat., ch. 38, § 1005–8–1(a)(5) (1974). However, if a judge found any of a number of aggravating factors or circumstances, an extended term of not less than 7 nor more than 14 years could be imposed. Ill.Rev.Stat., ch. 38, § 1005–8–2(a)(4) (1974). One such factor is a history of prior criminal activity, § 1005–5–3.-2(a)(3), and the trial judge specifically mentioned this factor when he sentenced Broadnax to the 14-year sentence. *People v. Broadnax,* No. 79 CF 2831, Record Vol. IV at 18.

The Supreme Court has upheld statutes which give longer sentences for those defendants who have prior criminal convictions. *See Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The length of such sentences is "purely a matter of [state] legislative prerogative," and the Supreme Court will not interfere with those policy decisions unless the punishment imposed is extreme and highly unusual for the crime

**9.** Examination of the allegedly perjured testimony also shows that petitioner's claims are clearly without substance. Petitioner contends that prosecution witnesses falsely identified a replica of a revolver and a starter pistol as actual firearms. The transcript of petitioner's trial, *People v. Broadnax,* 79 CF 2831, however, reveals that both witnesses testified that the weapons were models and not capable of firing projectiles (Tr. 242, 267–69, 302, 314–15). Petitioner also claims that these witnesses falsely identified him as the perpetrator of the robbery, whom they arrested at the scene of the crime. Petitioner relies solely on the allegedly contradictory testimony of other witnesses in support of this claim. Conflicts among witnesses regarding the recollection of past events go to issues of credibility which the jury is best equipped to judge, and are simply insufficient to support a claim of perjury.

committed. *Rummell v. Estelle,* 445 U.S. at 274, 100 S.Ct. at 1139. Such extreme circumstances are not present here. Broadnax's sentence is within the limits of the sentencing statute which the Illinois state legislature thought best to impose in order to protect the legitimate interests of the state against the perceived threat of repeat offenders. This court follows the example of the Supreme Court and refuses to interfere with those policy decisions. This fifth ground for habeas relief is therefore dismissed.

## VI. *The Denial of Redress Claim*

■ Broadnax claims he was denied his right to obtain redress of his grievances because the Illinois Supreme Court denied his petition to appeal from the judgment of the appellate court. While any party may file a petition for leave to appeal, "whether such a petition is granted is a matter of sound judicial discretion." Illinois Supreme Court Rule 315, Ill.Rev.Stat. ch. 110A, par. 315 (1981). The decision to refuse such petitions rests with the Illinois Supreme Court. *Bowman v. Illinois Central Railroad Co.,* 11 Ill.2d 186, 142 N.E.2d 104, *cert. denied,* 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49 (1957). In the absence of any allegation that the Illinois appellate review system makes distinctions that are violative of due process or equal protection, *see Chaffin v. Stynchcombe,* 412 U.S. 17, n. 11, 93 S.Ct. 1977, n. 11, 36 L.Ed.2d 714 (1973); *Rinaldi v. Yeager,* 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966), this court will not disturb the judgment of the Illinois Supreme Court.

## VII. *The Prison Conditions Claim*

■ Broadnax's last ground for seeking habeas relief is the condition of the prison in which he is presently incarcerated. He claims that racial segregation in the 99% black Joliet Correctional Center constitutes cruel and unusual punishment. While the Supreme Court has left open the question of whether habeas corpus can be used to challenge the conditions of confinement, *see Bell v. Wolfish,* 441 U.S. 520, 527, n. 6, 99 S.Ct. 1861, 1867, n. 6, 60 L.Ed.2d 447 (1979), this court agrees with the Ninth Circuit's analysis in *Crawford v. Bell,* 599 F.2d 890 (9th Cir.1979): "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Id.* at 891. The *Crawford* court found that a challenge to the conditions of incarceration did not constitute a challenge to the legality or duration of confinement," and noted that the appropriate remedy for unconstitutional prison conditions was not the release from confinement that habeas corpus relief provides. *Id.* at 891–892. This court likewise concludes that Broadnax's claims concerning unconstitutional prison conditions are not cognizable on a petition for writ of habeas corpus.

## VIII. *Conclusion*

Petitioner Leroy Broadnax's petition for writ of habeas corpus is denied. His discriminatory jury selection and perjury claims have been waived by his failure to properly raise them at trial or on appeal. His ineffective assistance of counsel, excessive sentence, and denial of redress of grievances claims are denied on the merits. His prison conditions claim is not amenable to habeas corpus relief.