**UNITED STATES of America ex rel.
Earl ALLEN, Petitioner,**

v.

**Dr. Stephen L. HARDY, Respondent.**

No. 82 C 2898.

United States District Court,
N.D. Illinois, E.D.

Jan. 20, 1984.

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen., State of Ill., Mark L. Rotert, Asst. Atty. Gen., Michael Shabat, Sp. Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Earl Allen ("Allen") originally advanced four grounds for relief in his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Almost exactly a year ago this Court (in the "Opinion," 556 F.Supp. 464 (N.D.Ill. 1983)) granted the motion of respondent Dr. Stephen Hardy ("Hardy") for summary judgment on two of those grounds, deferring consideration of the other two pending the Illinois Supreme Court's decision on the further appeal of *People v. Payne,* 106 Ill.App.3d 1034, 62 Ill.Dec. 744, 436 N.E.2d 1046 (1st Dist.1982).

Now *Payne* has been decided by that Court (Docket No. 56907, Dec. 1, 1983), so Allen's remaining claims are ready for further consideration. They assert (a) the prosecutor improperly exercised his peremptory challenges to exclude minorities from the jury, thus denying Allen his right to an impartial jury, and (b) Allen was [unlawfully] convicted by an all-white jury.

Allen now moves for an order authorizing discovery to present the proof needed to support those claims.[1] Dr. Hardy resists such discovery, contending:

1. Allen failed to present evidence at trial in support of his claim, thus waiving that claim. Similarly, his argument on appeal attacked the peremptory challenges in *his* case rather than on a sys-

tematic basis, again waiving the right to present the latter argument here.

2. Allen's request to subpoena state prosecutors to question them regarding use of peremptory challenges would encroach on the insulation the judiciary has historically given to the use of peremptory challenges.

3. Allen's request for expenses under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), should not be authorized until it has been shown Allen cannot get "free" help.

For the reasons stated in this memorandum opinion and order, the need for the parties' further amplification of Hardy's first argument prevents consideration of the remaining contentions at the time.

### Facts [2]

Allen is now confined in the Menard Correctional Center Psychiatric Unit, having been convicted of two murders and sentenced to two concurrent 100- to 300-year prison terms. On direct appeal his conviction was affirmed, *People v. Allen,* 96 Ill. App.3d 871, 52 Ill.Dec. 419, 422 N.E.2d 100 (1st Dist.1981).

At trial Allen's defense counsel had moved to discharge the jury, detailing how the State had exercised its challenges to exclude 7 whites, 7 blacks and 2 Latinos and arguing "the systematic exclusion of all blacks and all Latinos from the jury is improper and in violation of Mr. Allen's constitutional right to have a fair jury selected from a cross section of the community" (R. 304). In reply the prosecutor gave his reasons for excluding 2 Latinos and said "the record will speak for itself" (R. 304–05). Allen's motion was denied.

---

1. Much earlier (before issuance of the Opinion—see Allen Dec. 8, 1982 Mem. 4–5) Allen suggested the possibility this Court should adopt the test since rejected in *Payne* (though embraced by Justice Simon's dissent in that case and by *McCray v. Abrams,* 576 F.Supp. 1244 (E.D.N.Y.1983)), under which *Swain v. Alabama* (discussed at length later in the text) would not control claims under the Sixth Amendment (see n. 4). However the filings on the current motion make no mention whatever of any standard

other than that announced in *Swain.* This Court therefore finds Allen's possible alternative argument abandoned or waived—in any case, no longer assertable. It therefore has no occasion to address the issues, and its discussion of *Swain*-related questions implies no holding either way on the issues so vigorously advanced by Justice Simon.

2. In part this statement plagiarizes the Opinion.

On appeal Allen argued in part that the State's use of its peremptory challenges to exclude blacks and Latinos from the jury had deprived him of his right to an impartial jury. In response the Appellate Court adhered to the analysis in *Swain v. Alabama*, 380 U.S. 202, 227, 85 S.Ct. 824, 839, 13 L.Ed.2d 759 (1965), under which a defendant had to show systematic exclusion of minorities from actual jury service over a period of time before the burden shifted to the prosecutor to justify his actions.[3] Though *Swain* was an equal protection case, the Appellate Court applied its analysis to Allen's Sixth Amendment claim[4] as well as his equal protection argument. Because Allen had made no showing in the trial court of exclusion of minorities over time, the Appellate Court said, "it is clear that he has failed to establish the kind of systematic exclusion required by *Swain*." 96 Ill.App.3d at 875–76, 52 Ill. Dec. at 423, 422 N.E.2d at 104.

### Waiver

Hardy first points to Allen's failure at his trial to present any evidence or to make an offer of proof of systematic exclusion of minorities over time. Under *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982) that failure is said to be a procedural default that bars federal habeas relief, absent a showing of cause and actual prejudice. Allen offers a twofold response:

**3.** In so doing the Appellate Court declined to follow the lead of some state courts (construing their own constitutions rather than the United States Constitution) in holding that once a defendant shows a substantially disproportionate number of the excluded prospective jurors are members of identifiable minorities, the burden shifts to the State to show a permissible reason for exclusion. See, *e.g., People v. Wheeler,* 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978).

**4.** This Court regularly notes the lack of precision in the courts' (and its own) convenient shorthand reference to underlying Bill of Rights provisions rather than to the Fourteenth Amendment (which of course imposes the only direct curbs on a state actor). In this case, however, the distinction is more than semantic.

1. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) allows for federal habeas evidentiary hearings whenever there is not a full and fair hearing in state court.

2. Because the Appellate Court decided the merits of Allen's claim, the prior procedural default (if any existed) would not bar habeas relief. See *Engle,* 456 U.S. at 135 n. 44, 102 S.Ct. at 1575 n. 44.

■ Hardy correctly urges the failure to make even an offer of proof at trial on an evidentiary point is a state procedural default. *United States ex rel. Veal v. DeRobertis,* 693 F.2d 642, 649–50 (7th Cir. 1982); *United States ex rel. Broadnax v. DeRobertis,* 565 F.Supp. 327, 333 (N.D.Ill. 1983). And if *Swain* states the constitutional rule, Allen's objection perforce requires an evidentiary showing. To preserve the *Swain* issue for a reviewing court, Allen's trial counsel should have made some showing of exclusion of minorities over time. Absent that proof, the reviewing court had no predicate for reversing the trial court's decision.[5] *Broadnax,* 565 F.Supp. at 332–33.

■ Allen correctly says *Townsend* allows federal habeas courts to hold evidentiary hearings. At the same time *Townsend,* 372 U.S. at 317, 83 S.Ct. at 759 defined the limits of that concept:

If, for any reason not attributable to the inexcusable neglect of petitioner, see *Fay v. Noia, post* [372 U.S. 391], p. 438

It was only post-*Swain* that the Supreme Court held the Sixth Amendment applicable to the States via the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). Thus *Swain* cannot be *direct* precedent on the Sixth-Amendment-type claim.

**5.** For that reason Hardy's argument that Allen failed to raise the issue on appeal misses the mark. Allen did raise both his Sixth and his Fourteenth Amendment claims on appeal. Of course the Appellate Court could not itself take evidence on the relevant issue. Thus Allen's legal argument that the evidentiary test should be changed as a matter of constitutional law cannot be deemed a failure to raise the issue on appeal in the sense of *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983).

[83 S.Ct. 822 p. 848, 9 L.Ed.2d 837] (Part V), evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing, a federal hearing is compelled. The standard of inexcusable default set down in *Fay v. Noia* adequately protects the legitimate state interest in orderly criminal procedure, for it does not sanction needless piecemeal presentation of constitutional claims in the form of deliberate by-passing of state procedures. Compare *Price v. Johnston*, 334 U.S. 266, 291 [68 S.Ct. 1049, 1062, 92 L.Ed. 1356]: "The primary purpose of a habeas corpus proceeding is to make certain that a man is not unjustly imprisoned. And if for some justifiable reason he was previously unable to assert his rights or was unaware of the significance of relevant facts, it is neither necessary nor reasonable to deny him all opportunity of obtaining judicial relief."

Since *Townsend* our Court of Appeals has determined the "cause and prejudice" standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (as reaffirmed in *Isaac*) has replaced *Fay*'s "deliberate bypass" standard in determining the effect of failure to raise an issue on appeal. *Spurlark*, 699 F.2d at 357–61. Whether our Court of Appeals would also apply the "cause and prejudice" standard in the *Townsend* context is unresolved. See *Thomas v. Zant*, 697 F.2d 977, 981–86 (11th Cir.1983); *Guice v. Fortenberry*, 661 F.2d 496, 507 n. 25 (5th Cir.1981).

As the quoted *Townsend* language reflects, a federal evidentiary hearing is dependent on a showing of no "inexcusable neglect." Yet Allen's appointed counsel in this Court has suggested no excuse for Allen's trial counsel's failure to make the offer of proof.[6] Instead Allen contends no procedural default bars habeas relief because the Appellate Court considered Allen's claim on its merits.

Not so. All the Appellate Court decided was that no record evidence supported Allen's claim under the *Swain* analysis, held applicable to both his Sixth and his Fourteenth Amendment claims. Indeed that was all the Appellate Court *could* do, given the lack of record evidence and its refusal to change the constitutional test. *Broadnax*, 565 F.Supp. at 332–33. If there is to be any meaning to the notion a failure to offer evidence can be a state procedural default, no "forgiveness" of that default can be found in the Appellate Court's affirmance of the trial court based upon the *lack* of such evidence.

In short Allen's failure to attempt any prima facie *Swain* showing prevented the Appellate Court's decision about the absence of such a showing from being a determination "on the merits." In that context the Appellate Court cannot be deemed to have "forgiven" Allen's failure to proffer evidence.

### Conclusion

This Court is presently without the means to determine whether Allen can show "excusable neglect" (*Townsend*) in the form of "deliberate bypass" (*Fay*) or "cause and prejudice" (*Spurlark* and *Wainwright*). Allen's counsel is ordered to address himself to those issues promptly, on a schedule to be set at today's status hearing. Allen's motion to authorize discovery must be deferred pending resolution of that issue.

---

**6.** Because no showing has been tendered at all, this Court need not decide whether the *Fay* or *Wainwright* standard applies in this Circuit. Of course if Allen can meet the "cause and prejudice" test, a fortiori *Fay*'s lesser standard would be met.