**UNITED STATES of America ex rel. Earl ALLEN, Petitioner,**

v.

**Dr. Stephen L. HARDY, Respondent.**

No. 82 C 2898.

United States District Court, N.D. Illinois, E.D.

April 17, 1984.

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

Mark L. Rotert, Asst. Atty. Gen., Neil F. Hartigan, Ill. Atty. Gen., Chicago, Ill., for respondent.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Earl Allen ("Allen") originally advanced four grounds for relief in his 28 U.S.C.

§ 2254 ("Section 2254") petition for a writ of habeas corpus. This Court's "Opinion I," 556 F.Supp. 464 (N.D.Ill.1983), granted the motion of respondent Dr. Stephen Hardy ("Hardy") for summary judgment on two of those grounds, deferring consideration of the other two pending the Illinois Supreme Court's decision on the further appeal of *People v. Payne*, 106 Ill.App.3d 1034, 62 Ill.Dec. 744, 436 N.E.2d 1046 (1st Dist.1982).

After *Payne* was decided by that Court (99 Ill.2d 135, 75 Ill.Dec. 643, 457 N.E.2d 1202 (1983)) Allen's remaining claims became ready for further consideration. They assert (a) the prosecutor improperly exercised his peremptory challenges to exclude minorities from the jury, thus denying Allen his right to an impartial jury, and (b) Allen was [unlawfully] convicted by an all-white jury. Then this Court's "Opinion II," 577 F.Supp. 984 (N.D.Ill.1984), deferred decision on Allen's motion for discovery on those two claims, pending Allen's showing of "cause and prejudice" or "excusable neglect"[1] for his failure properly to preserve those claims for appeal.

■ Now Allen has tendered a "First Amended Petition for Writ of Habeas Corpus,"[2] asserting two "causes" for such failure:

1. Allen's attorneys were unaware of the State's Attorney's de facto policy of using peremptory challenges for the systematic exclusion of minorities from the jury.

2. Allen lacked resources to compile and analyze the statistics necessary to show such systematic exclusion over a period of time, as required by *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

Respondent contends those two reasons are not sufficient cause for Allen's failure to have tendered any evidence at all. This Court agrees.

As to the first asserted ground, for nearly a decade before Allen's April 1979 trial Illinois courts had clearly applied *Swain* to charges of improper jury selection, without distinguishing between the Sixth and Fourteenth Amendments.[3] *People v. Butler*, 46 Ill.2d 162, 164–65, 263 N.E.2d 89, 90–91 (1970), adhered to in *People v. King*, 54 Ill.2d 291, 298, 296 N.E.2d 731, 735 (1973). When Allen's trial counsel saw to what use the prosecutor was putting his peremptory challenges, counsel could have—in conjunction with a motion challenging the jury selection—sought leave to introduce evidence that would meet the *Swain* standard. At that point the state judge would have had the issue posed squarely and could have dealt with it in any of several ways. For example:

1. Counsel might have been granted a continuance to garner evidence on systematic exclusion.

2. Counsel might have made an offer of proof and proceeded with the trial. At that point the State might have been forced to operate at its peril, with an ultimate acquittal serving to terminate Allen's exposure and an ultimate convic-

1. Since Opinion II issued, our Court of Appeals has held in *Weber v. Israel*, 730 F.2d 499 (7th Cir.1984) that a defendant's failure to raise his right to a jury trial on his insanity plea was a state procedural default subject to the cause-and-prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Weber* no evidence on the issue of insanity was ever presented even though defendant's plea had raised the issue. This case, like *Weber*, is one in which the evidentiary record was not fully developed in the state court. Accordingly this Court determines the cause-and-prejudice standard applies here as well.

2. In addition the Amended Petition proposes to drop the "United States ex rel." portion of the caption and to name two new respondents, the Warden of the Menard Correctional Center and the Attorney General of Illinois, in place of Hardy. Though leave to file the Amended Petition is granted, this order retains the original case name to avoid confusion.

3. This Court of course recognizes the anomaly inherent in speaking of the Sixth Amendment as though distinct from the Fourteenth, where (as here) we deal with state actors. But the common (albeit imprecise) usage, referring to the Bill of Rights provision as though directly applicable, is both convenient and meaningful in this case. As Opinion II observed, 577 F.Supp. at 986 n. 4, "*Swain* cannot be *direct* precedent on the Sixth-amendment-type claim."

tion being subject to constitutional attack.

Allen's counsel however did *not* tender the issue to the state trial judge. As *Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558, 1574–1575, 71 L.Ed.2d 783 (1982) teaches:

> Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

Thus Allen fails on the "cause" branch of the cause-and-prejudice requirement.

■ As for Allen's second current contention, all that would have been required to preserve the improper jury selection issue for appeal was some showing, even by counsel's statements if need be, that over a period of time the State had systematically excluded minorities from the jury panel. See *People v. Brown*, 104 Ill.App.3d 1110, 1119, 60 Ill.Dec. 843, 850–851, 433 N.E.2d 1081, 1088–89 (1st Dist.1982). More to the point, however, any lack of resources does not excuse counsel's failure to rely on the correct legal standard and to seek leave to make the offer of proof in the first instance. Although inadequate resources *may* excuse the inadequacy of the offer of proof if made, it does not excuse even the attempt to make the offer of proof. Thus Allen has not advanced sufficient "cause" for his failure to attempt an offer of proof under *Swain*.

■ One matter remains. Allen's Amended Petition seeks to assert a claim based on the reasoning of *McCray v. Abrams*, 576 F.Supp. 1244 (E.D.N.Y.1983). In Opinion II (577 F.Supp. at 985 n. 1) this Court explicitly found that claim had been waived or abandoned. That holding is reaffirmed.

#### Conclusion

Allen is granted leave to file his Amended Petition (simply to complete the record). In accordance with Rule 4 following Section 2254, the petition is dismissed.