**UNITED STATES of America ex rel. Earl ALLEN, Petitioner,**

v.

**Dr. Stephen L. HARDY, Respondent.**

**No. 82 C 2898.**

United States District Court, N.D. Illinois, E.D.

June 5, 1984.

Supplemental Opinion June 26, 1984.

---

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

Mark L. Rotert, Asst. Atty. Gen., Neil F. Hartigan, Atty. Gen., Chicago, Ill., for respondent.

---

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

Earl Allen ("Allen") originally advanced four grounds for relief in his 28 U.S.C. § 2254 petition for a writ of habeas corpus. In a series of three opinions[1] this Court disposed of all four claims and dismissed Allen's petition. Opinion II, 577 F.Supp. at 985 n. 1 decided Allen had waived or abandoned his Sixth Amendment[2] claim (asserting a theory found persuasive in *McCray v. Abrams*, 576 F.Supp. 1244 (E.D.N.Y.1983)). That determination was reaffirmed in Opinion III, 583 F.Supp at 564.

Allen now moves for reconsideration of the "waived or abandoned" conclusion, urging this Court to consider his Sixth Amendment claim on the merits. Although still of the view the claim was waived or abandoned, this Court has opted to consider the merits anyway. Allen's Sixth Amendment claim is rejected.

### *Allen's Claim*

Allen contends a defendant's Sixth Amendment right to an impartial jury is violated if the prosecution uses its peremptory challenges to exclude prospective jurors who belong to a cognizable class.[3] Opinion III, 583 F.Supp. at 563-64, had held Allen's failure at trial even to attempt an offer of proof showing the systematic exclusion of jurors over time failed the "cause-and-prejudice" test of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) as to Allen's Equal Protection Clause claim. Because of its waiv-

er conclusion, this Court did not reach that issue (or any other merits issue) as to Allen's Sixth Amendment claim.

Now Allen asserts such a showing of systematic exclusion is unnecessary to preserve a Sixth Amendment claim. Rather he argues this Court should find a prima facie violation of the Sixth Amendment in the use of peremptory challenges at his own *single* trial. That prima facie case could then be rebutted by the prosecution's statement of non-discriminatory reasons for its action. See *McCray v. New York*, — U.S. —, 103 S.Ct. 2438, 2441-43, 77 L.Ed.2d 1322 (Marshall, J. dissenting from denial of certiorari); *McCray v. Abrams*, 576 F.Supp. at 1249.

### *Peremptory Challenges and the*
### *Sixth Amendment*

Allen's position is a difficult one, given the test prescribed by the Supreme Court for evaluating Sixth Amendment claims. *Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972) taught the Sixth Amendment has not been breached merely because no members of a defendant's race are present on his or her petit jury. Instead the defendant must prove his or her race has been "systematically excluded." That principle was reaffirmed in *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975) (exclusion of women from the venire violated the principle the jury must be selected from a "fair cross-section" of the community). Then *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979) further defined the principle,

1. "Opinion I," 556 F.Supp. 464 (N.D.Ill.1983) granted Dr. Stephen Hardy summary judgment on two of the claims. "Opinion II," 577 F.Supp. 984 (N.D.Ill.1984) deferred decision on Allen's motion for discovery on the remaining two claims, pending Allen's showing of "cause and prejudice" for his failure properly to preserve those claims for appeal. "Opinion III," 583 F.Supp. 562, 563-64 (N.D.Ill.1984) determined Allen had not made a sufficient showing of "cause and prejudice" and dismissed his petition.

2. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968) held the

Sixth Amendment applicable to the States via the Fourteenth Amendment's Due Process Clause. This opinion will follow the convenient (though imprecise) practice of referring to the underlying Bill of Rights provision rather than to the Fourteenth Amendment. That practice is especially useful here, where Allen has asserted one claim based directly on the Fourteenth Amendment (its Equal Protection Clause) and another claim based on the Fourteenth Amendment's incorporation of the Sixth, via the Due Process Clause.

3. Allen argues the prosecutor in his case excluded minorities from the jury.

setting out the elements a defendant must show to establish a prima facie violation of the Sixth Amendment's fair cross-section requirement:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

To establish such "systematic exclusion" Duren presented evidence (*id.* at 366, 99 S.Ct. at 669):

> His undisputed demonstration that a large discrepancy occurred not just occasionally, but in every weekly venire for a period of nearly a year manifestly indicates that the cause of the underrepresentation was systematic—that is, inherent in the particular jury-selection process utilized.

And just last month the Court refused to reexamine the "systematic exclusion" principle as it impacts on a defendant's Sixth Amendment right to an impartial jury. *Williams v. Illinois*, — U.S. —, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984) (Marshall, J., dissenting from denial of certiorari with Brennan, J., joining him).

Allen thus confronts at least three major obstacles:

1. Some courts have expressed doubt that the Sixth Amendment's fair-cross-section requirement even extends to the jury actually chosen in an individual case (as distinct from the entire venire). *Willis v. Zant*, 720 F.2d 1212, 1219 n. 14 (11th Cir.1983); *United States v. Childress*, 715 F.2d 1313, 1319–20 (8th Cir. 1983) (en banc), *cert. denied,* — U.S. —, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984); see *Smith v. Balkcom*, 660 F.2d 573, 583 n. 26 (5th Cir.1981).

2. Even assuming that it does, *Grigsby v. Mabry*, 569 F.Supp. 1273, 1285–86 (E.D.Ark.1983), Allen swims against the tide in urging a standard other than *Duren*'s "systematic exclusion" test. Courts have consistently refused to apply a different one. *United States v. Cotton*, 721 F.2d 350, 352–53 (11th Cir. 1983), *cert. denied,* 104 S.Ct. 1614 (1984); *Willis*, 720 F.2d at 1217–21; *Childress*, 715 F.2d at 1320–21; *United States v. Whitfield*, 715 F.2d 145, 146–47 (4th Cir. 1983); *United States v. Canel*, 708 F.2d 894, 898 (3d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 165–66, 78 L.Ed.2d 151 (1983); *United States v. Jenkins*, 701 F.2d 850, 859–60 (10th Cir.1983); see *Weathersby v. Morris*, 708 F.2d 1493, 1496–97 & n. 2 (9th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984).

3. To find a prima facie Sixth Amendment violation based solely on the prosecution's use of peremptory challenges to exclude minorities in Allen's own case would run directly counter to the *Apodaca-Taylor* principle that the defendant is not entitled to a jury of any particular composition, but only to a jury selected from a fair cross-section of the community.

Those obstacles are insurmountable—at least in the present state of the law.

Perhaps the law should have developed otherwise. Perhaps "systematic exclusion" should mean "systematic" in just one case—that is, the single prosecutor's systematic efforts in a single jury selection ("systematic" as distinguished from "systemic"). Perhaps the Supreme Court, the ultimate lawmaker in constitutional areas, will come to change its view. But given the Court's consistent refusal to reconsider the "systematic exclusion" test as defined in *Duren*, this Court (as the *Childress* court said) is bound to adhere to that criterion. That makes relevant to Allen's Sixth Amendment claim (as it was to his equal protection claim) the entire discussion in Opinions II and III.

### Conclusion

Allen's Sixth Amendment claim stands on the same footing, and is thus barred for the same reason, as his Fourteenth Amend-

ment due process claim (Opinions II and III). Allen's motion to reconsider is denied.

## SUPPLEMENTAL OPINION

Just over two weeks ago this Court issued its June 5, 1984 memorandum opinion and order in this case, dealing with the need for a showing of "systematic exclusion" of prospective jurors of a cognizable class (say blacks or other minorities) to support a Sixth Amendment claim. Now our Court of Appeals has (in the context of a federal criminal appeal, *United States v. Clark*, 737 F.2d 679, 682 (7th Cir.1984) (citations omitted)) described the continuing force of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965):

> The Supreme Court held some years ago that it is not a denial of the equal protection of the laws for a prosecutor to base peremptory challenges on racial grounds, provided that he is not doing so in pursuance of a systematic policy of racial exclusion from juries—provided in other words that there is no pattern larger than the single case. *Swain....* Although *Swain* arose under the Fourteenth rather than the Sixth Amendment, and although subsequent decisions, such as *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), have held that racial discrimination in jury selection violates the Sixth Amendment, most courts have concluded that *Swain* is still good law fully applicable to federal as well as state trials.... Although there is some contrary authority ... several practical considerations support the majority approach.

And in a just-published (though previously issued) opinion in a habeas case challenging a state court conviction, *United States ex rel. Palmer v. DeRobertis*, 738 F.2d 168, ————— (7th Cir.1984), our Court of Appeals specifically followed "*Swain* and its progeny," rejecting the invitation for reexamination of *Swain* contained in the dissent in *McCray v. New York*, — U.S. —,

103 S.Ct. 2438, 2443, 77 L.Ed.2d 1322 (1983).

Though *Clark* pointed out the Court was not there called on to decide "whether it is ever permissible to challenge, as racially motivated, the exercise (not pursuant to a systematic policy of racial exclusion) of a peremptory challenge" (At 682), both *Clark* and *Palmer* should be read in conjunction with this Court's June 5 opinion.